IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–01888–EWN

NEIKO TABB,

Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This matter comes before the court on "Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act," filed February 12, 2007. Plaintiff, who prevailed in part in her suit challenging the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for social security disability insurance benefits, now seeks attorney fees from the Commissioner of Social Security (the "Commissioner") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. This court has jurisdiction under 28 U.S.C. § 2412.

**FACTS**

***1. Factual Background***

The facts of this case are fully set out in this court's November 9, 2006 Order. (Order and Mem. of Decision at 1–13 [filed Nov. 9, 2006] [hereinafter "Order"].) Familiarity therewith is thus assumed.

### *2. Procedural History*

Plaintiff applied for disability insurance benefits on October 4, 2002, and was denied benefits on March 7, 2003. (Admin. R. at 25–29, 45–48 [filed Dec. 12, 2005] [hereinafter "Admin. R."].) On December 29, 2004, the ALJ issued a decision. (*Id.* at 15–23.) The ALJ determined Plaintiff was not disabled because she retained the RFC to perform a full range of sedentary work. (*Id.* at 22.)

Plaintiff filed her complaint in this court on August 29, 2005, challenging the Commissioner's denial of disability benefits. (Compl. [filed Aug. 29, 2005].) On November 9, 2006, this court affirmed the ALJ's decision on the issue of Plaintiff's lack of credibility and reversed in part, remanding based on the insufficiency of the evidence with regard to Plaintiff's impairments in her neck and upper extremities. (Order.)

On February 12, 2007, Plaintiff filed a motion for attorney fees. (Pl.'s Br. in Supp. of Mot. for Att'y Fees [filed Feb. 12, 2007] [hereinafter "Pl.'s Br."].) Plaintiff argues she is entitled to attorney fees because the position of the Commissioner in this litigation was not substantially justified. (Pl.'s Br.) On February 16, 2007, the Commissioner responded to the motion. (Def.'s Resp. to Pl.'s Mot. for Att'y Fees [filed Feb. 16, 2007] [hereinafter "Def.'s Resp."].) On February 22, 2007, Plaintiff filed a reply brief. (Pl.'s Reply Br. in Supp. of Pet. and Mot. for Att'y Fees [filed Feb. 22, 2007] [hereinafter "Pl.'s Reply"].) The matter is fully briefed.

## ANALYSIS

### *1. Standard of Review*

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . ., including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2006). A fee award is thus required if (1) Plaintiff is a "prevailing party;" (2) the position of the United States was not "substantially justified;" and (3) there are no "special circumstances" that make the award unjust. *Comm'r v. Jean*, 496 U.S. 154, 159 (1990).

Under the EAJA, the government bears the burden of showing that its position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). To meet this burden, the government must show that its case had a reasonable basis in law and fact. *Id.* The Supreme Court has held that "substantially justified" means "justified in substance or in the main," that is, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The government's success or failure on the merits may be evidence of whether its position was substantially justified, but success or failure alone is not determinative. *Hadden*, 851 F.2d at 1267. As this circuit has recognized:

> Since a social security appeal usually will be reversed only if the court finds the [ALJ's] position to lack substantial evidence, the practical effect of viewing "substantial evidence" and "substantially justified" as synonymous would be that

> attorney fee awards would become automatic in virtually all successful social security appeals. This would be contrary to the clearly expressed intent of Congress that fees under the EAJA not be awarded automatically when the plaintiff prevails against the Government.

*Id.* (citing *Cohen v. Bowen*, 837 F.2d 582, 585–86 [2d Cir. 1988]).

***2. Analysis***

Defendant concedes that the sole live issue here is whether its position was "substantially justified." (Def.'s Br. at 4–8.) In order to frame the issues raised by the parties, the court furnishes the relevant portion of its prior decision:

> Prior to her surgery for "C5–C6 disk herniation in her neck," Plaintiff complained of "lost sensation in her left hand and arm," which had progressively worsened, as well as "pressure in her head" and "increasing neck pain along with a headache." On exam just three weeks before surgery, Dr. Ribovich noted [in October 2004]: (1) tenderness in the neck to palpation, (2) no paracervical muscle spasm or tenderness, (3) no tenderness to palpation in the trapezius or either scapula, (4) slightly limited range of motion in the neck, (5) unremarkable range of motion in the shoulders, (6) intact strength in both upper extremities, (7) decreased sensation to light touch involving the thumb and index finger of the left hand and lateral left forearm, (8) variably decreased sensation to pin testing involving both the left and right upper extremities in a nonanatomical pattern, and (9) symmetric deep tendon reflexes. Review of Plaintiff's MRI revealed "disc herniation at the C5–6 level which most likely represents the etiology of [Plaintiff's] current symptoms." Although Dr. Ribovich opined in March 2004 that Plaintiff would soon be capable of sedentary work, Dr. Ribovich made no indication either way after the onset of Plaintiff's neck ailment. Further, the record does not contain medical information that postdates Plaintiff's surgery.
>
> Although I appreciate that the ALJ had substantial reason to doubt the credibility of Plaintiff's subjective complaints of neck and upper extremity symptoms, I cannot endorse the ALJ's determination that "minimal abnormalities were found" in the course of Dr. Ribovich's exam of Plaintiff's neck and left arm ailment. Although it may *appear* that Dr. Ribovich's exam did only find minor problems with Plaintiff's neck and shoulder, neither the ALJ nor this court is equipped with the medical training to make such a determination. *See generally McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("[A]n ALJ may not

> make speculative inferences from medical reports."). Indeed, that Dr. Ribovich saw fit to conduct neck surgery requiring general anesthesia would appear to indicate that the problem was not, as the ALJ concluded, the result of a "minimal abnormality." Further, while I reiterate that I fully appreciate the ALJ's suspicion that Plaintiff's neck ailment was not disabling, the ALJ lacked substantial evidence upon which to base an RFC determination that failed to weigh Plaintiff's decreased sensation and other symptoms that might impact Plaintiff's ability to reach, handle, or finger.
>
> . . . The ALJ thus erred by failing to develop the record [of Plaintiff's neck impairment] in assessing Plaintiff's RFC.

(Order at 26–28 [emphasis in original; record citations omitted].)

Defendant asserts that the court's analysis suggests the reasonableness of the ALJ's conclusion, notwithstanding the fact that the court found the ALJ to have erred. (Def.'s Br. at 4–5.) Defendant notes that although the court remanded for development of the record of Plaintiff's neck and upper extremity complaints, the limited record evidence of such impairments was not submitted until well after the hearing in the case had been held. (*Id.* at 5–6.) Defendant further argues that, notwithstanding the fact that Plaintiff underwent surgery, such evidence, which the ALJ carefully evaluated in his opinion, could reasonably be understood to suggest that Plaintiff's neck impairment was not severe. (*Id.* at 6–8.) Defendant further asserts that, notwithstanding the fact that the ALJ held the record open for *seven months* after the hearing to permit Plaintiff to submit additional evidence of her impairment, Plaintiff did not submit "post-surgical evidence of any neck problems" to the ALJ or Appeals Council. (*Id.* at 6.)

Plaintiff's arguments in favor of attorney fees are, quite frankly, difficult to discern, but generally appear to boil down to one proposition: because this court issued a remand order,

Plaintiff is entitled to fees.[1] (Pl.'s Br.; Pl.'s Reply.) As noted above, the fact of remand alone is not determinative of the issue of substantial justification. *Hadden*, 851 F.2d at 1267.

This court took pains in the above-quoted portion of its order to communicate that its decision to remand the case was a very close call. Plaintiff's motion for fees turns a deaf ear to the court's endeavor. The court was faced with a dilemma and opted, in an abundance of caution, to side with Plaintiff. Plaintiff did not seek treatment for neck and upper extremity problems until *after* the hearing in the case. (Order at 10.) Thus, the ALJ — perhaps too generously — kept the record open for an astounding period of seven months. (*Id.* at 14.) Plaintiff eventually submitted evidence that suggested, on the one hand, that her neck impairment was not severe in terms of physical manifestations, but, on the other hand, that the impairment was of sufficient severity to warrant surgical intervention, although more conservative options were available. (*See id.* at 10.) Plaintiff had the surgery and then failed to submit any further evidence, notwithstanding the generous window of time offered by the ALJ. (*Id.*) Thus, the court's decision to remand was premised on a tension between the doctor's physical findings and the decision to conduct surgery, as well as the uncertainty as to the results of the surgery. (*Id.* at 25–28.) In light of the ALJ's well-founded determination that Plaintiff was not credible in either her complaints to doctors or her hearing testimony, the court perceived that Plaintiff may have been gaming the system by blaming the ALJ for not developing the record when she herself could, in all likelihood, have

[1]It appears that Plaintiff would also have the court award fees based on the ALJ's failure to consider the opinions of Erick Vanzura, D.O., even though failure to consider such opinions was *not* the basis upon which the court decided to remand the case. (*See* Pl.'s Br. at 9.)

submitted post-surgical medical evidence. (*See id.* at 20–23.) Nevertheless, the court determined that the surest way to determine based upon the requisite standards of proof whether Plaintiff's impairment was severe was by analyzing such post-surgical evidence. (*See id.*) Thus, the court reluctantly found error.

While the ALJ's decision might not have been supported by substantial evidence of non-impairment in Plaintiff's neck or upper extremities, her decision, particularly when viewed as a part of "an inclusive whole," was not so divorced from the facts before her as to be lacking "reasonableness in law [or] fact." *See Jean*, 496 U.S. at 161–62; *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The court finds that both the ALJ's opinion and Defendant's decision to defend it were "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, an award of fees under the EAJA is inappropriate.

***3. Conclusion***

Based on the foregoing, it is therefore ORDERED that:

1. PLAINTIFF's motion for attorney fees (#24) is DENIED.

2. PLAINTIFF's motion to supplement (#32) is DENIED as moot.

Dated this 13th day of September, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge