**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01888-REB

NEIKO TABB,

      Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

**Blackburn, J.**

The matters before me are (1) **Plaintiff's Unopposed Motion for Relied from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)** [#39] filed March 3, 2009; (2) **Plaintiff's Unopposed Motion for Attorney Fees Under Social Security Act 42 USC § 406(b) and 42 USC 1383(d)** [#40] filed March 3, 2009; and (3) **Plaintiff's Unopposed Motion To Amend Unopposed Motion for Attorney Fees Under Social Security Act 42 USC § 406(b) and 42 USC 1383(d)** [#41] filed March 3, 2009.  I grant the motion for reconsideration and award plaintiff the attorney fees requested; thereby mooting the other motions.

Although plaintiff styles her motion as arising under Rule 60(b), the relief requested is more properly considered as a simple motion for reconsideration, not as a request for relief from the judgment.  Proper bases for granting a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations

omitted). Here, plaintiff cites the court to authority that supports the award of attorney

fees she requests in this Title XVI case. ***See*** 28 U.S.C. § 1383(d)(2)(A) ("The

provisions of section 406 of this title (other than subsections (a)(4) and (d) thereof) shall

apply to this part to the same extent as they apply in the case of subchapter II of this

chapter[.]"). Although this authority was not provided in her earlier motion, I find and

conclude that reconsideration is appropriate to correct clear error and prevent manifest

injustice, as attorney fees clearly are available pursuant to statute, and the motion is not

opposed by the Commissioner.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Unopposed Motion for Relied from Judgment Pursuant to
Federal Rule of Civil Procedure 60(b)** [#39] filed March 3, 2009, is **GRANTED**;

2. That the court's **Order Denying Plaintiff's Unopposed Motions for
Attorney Fees Under Social Security Act 42 USC § 406(b)** [#38] entered March 2,
2009, is **VACATED**;

3. That plaintiff is **AWARDED** $3,825.00 in attorney fees pursuant to 42 U.S.C.
§§ 406(b) and 1383(d);

4. That **Plaintiff's Unopposed Motion for Attorney Fees Under Social
Security Act 42 USC § 406(b) and 42 USC 1383(d)** [#40] filed March 3, 2009, is
**DENIED AS MOOT**; and

5.  That **Plaintiff's Unopposed Motion To Amend Unopposed Motion for Attorney Fees Under Social Security Act 42 USC § 406(b) and 42 USC 1383(d)** [#41] filed March 3, 2009, is **DENIED AS MOOT**.

Dated March 3, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge